Jersey Shore Area School District, Petitioner *v.* Carroll Bittner, Respondent.

Argued May 11, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Charles J. McKelvey, McNerney, Page, Vanderlin & Hall,* with him *Clyde E. Carpenter, Jr.,* for petitioner.

*William A. Hebe, Spencer, Gleason & Hebe,* for respondent.

OPINION BY JUDGE WILLIAMS, JR., March 14, 1984:

This appeal arises from a unique factual scenario in which a public school teacher, after being unlawfully terminated by the school district where she was employed, was elected to the board of directors of that same school district. The issue we must resolve is

whether the back pay award to which the teacher is entitled due to her wrongful termination should include wages lost during the time that she served as a school district director.

The procedural history in this case goes back more than a decade to September of 1973 when the appellee, Carroll Bittner, was terminated by the appellant, the Jersey Shore Area School District (School District). Bittner appealed her termination on the ground that her two years of instructional service for the School District entitled her to tenure despite the fact that the educational program under which she was employed was specially funded by the federal government. She ultimately prevailed on her claim: the Supreme Court of Pennsylvania, on October 6, 1978 reinstated an order of the Department of Education awarding her reinstatement and back pay. *Commonwealth, Department of Education v. Jersey Shore Area School District*, 481 Pa. 356, 392 A.2d 1331 (1978). Meanwhile, Bittner was elected to the Board of Directors of the Jersey Shore Area School District, a position which she held from December of 1973 throughout the time period addressed by this appeal. When, in October of 1978, Bittner was reinstated to her teaching position pursuant to the order of the Pennsylvania Supreme Court, she resigned her teaching post in order to retain her directorship on the School Board. The School District, in calculating Bittner's back pay entitlement, took the position that, under the Pennsylvania School Code,[1] she was foreclosed from receiving compensation for any time period during which she sat on the School Board. Thus, instead of a gross back pay award of approximately $50,600.00 plus interest, the School District

---

[1] Act of March 10, 1949, P.L. 30, 24 P.S. §1-110 to §25-2592, *as amended.*

tendered Bittner $2,727.38 plus interest, representing lost wages for the period from September 4, 1973, the date of her termination, to December 3, 1973, the date of her swearing in as a school district director.

Bittner filed an application for relief with the Supreme Court seeking to compel compliance with the Court's order reinstating the Education Secretary's back pay award. In a *per curiam* order dated September 12, 1979, the Supreme Court referred the matter to the Secretary of Education to determine the School District's compliance. After a hearing and briefing on the matter, the Secretary of Education sustained Ms. Bittner's claim, and held that (1) the School District was foreclosed by principles of *res judicata* from raising five years after the original appeal the issue of whether Bittner's position on the school board was incompatible with her claim for full back pay; and (2) even if the School District had not waived the issue, on the merits, Bittner was not precluded from receiving back pay for the period of her school directorship. The Secretary ordered the School District to tender Bittner an amount equivalent to what her earnings would have been from the School District between the date of her termination in September of 1973 and the date of her resignation in October of 1978, less her interim weekday earnings and unemployment compensation benefits received during the back pay period. The School District has appealed from this order.

Although the Secretary of Education determined that the School District was foreclosed by principles of *res judicata* from asserting Bittner's school board directorship as a basis for defending her back pay claim, we decline to address this issue. Rather, we proceed directly to the merits and conclude that, under the circumstances of this case, an award of back

pay covering the period during which Bittner was a school director offends no law of this Commonwealth.

The School District relies on two sections of the School Code in urging its position that Bittner is entitled to back pay only for the period between September 4 and December 3, 1973. The first section, §322,[2] states in pertinent part:

> . . . any person holding . . . the office of . . . teacher, or employe of any school district, shall not be eligible as a school director in this Commonwealth. . . .

The second section, §324,[3] states:

> No school director shall, during the term for which he was elected or appointed, as a private person engage in any business transaction with the school district in which he is elected or appointed, be employed in any capacity by the school district in which he is elected or appointed, or receive from such school district any pay for services rendered to the district except as provided in this act. . . .

We find neither of these sections preclusive of Bittner's back pay claim. She was not an employee of the School District at any time during which she served as a school director: she was terminated prior to her investiture as a director, and when she was reinstated in 1978, she resigned in order to retain her directorship. There is no allegation or evidence that she, as a private person, engaged in any business transaction with the School District. Nor would the back pay award ordered by the Secretary of Education result in her receiving pay for services she rendered to the School District. In short, the language

---

[2] 24 P.S. §3-322 (1968).

[3] 24 P.S. §3-324 (1968).

of these sections of the Code simply does not respond to the factual circumstances of this case.

The School District's attempt to buttress its argument by reliance on the Public Officials Ethics Act,[4] and the State Adverse Interest Act[5] also misses the mark. Although Bittner's position as a school director was encompassed by the Ethics Act, the School District has failed to explicate how Bittner either engaged in any activity which is expressly prohibited by that statute, or failed to comply with duties prescribed by it. The State Adverse Interest Act applies only to state officials and employees who receive a salary or wage for their services, not to local school officials who, by statute, can receive no compensation.[6]

The case authority is no more availing to the School District than is the statutory authority. Neither party has referred us to a case directly on point. However, we believe that the Pennsylvania Supreme Court's decision in *Reed v. Sloan*, 475 Pa. 570, 381 A.2d 421 (1977) is sufficiently apposite to warrant discussion. In *Reed*, the Court held that an elected common pleas court judge whose commission was delayed due to litigation over his election did not forfeit entitlement to his judicial salary by virtue of having continued in the private practice of law pending resolution of the election contest. The fact that the judge's assumption of his elective office was involuntarily deferred obviated any concern that his law practice was incompatible with performance of his judicial responsibilities. Similarly, in the instant case, Bittner's roles as teacher and school board director were not incompatible inasmuch as she never held

---

[4] Act of Oct. 4, 1978, P.L. 170, 65 P.S. §401.

[5] Act of July 19, 1957, P.L. 1017, 71 P.S. §7761-§7768.

[6] 24 P.S. §3-324.

36

the two simultaneously, and her original separation from her teaching position was due to no choice of her own, but to the action of the School District.

The School District would have us hold that a public school employee who has been unlawfully terminated must choose between pursuing his or her claim for remediation and his or her desire to serve as a school district director. We find nothing in the School Code or any other statute to support the imposition of such an election. Nor do we perceive any logic or benefit to holding that a citizen should be deterred from assuming elective office for no other reason than that he seeks vindication of a violation of his statutory rights.

Accordingly, the order of the Secretary of Education is affirmed.

ORDER

AND Now, this 14th day of March, 1984, the order of the Commonwealth Department of Education is affirmed.